UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-cv-16-GNS
*Electronically Filed*

ATRIUM 5 LIMITED,                                                                                          PLAINTIFF,

v.

LIGHTHOUSE TRAILER SALES AND LEASING, LLC,
    Serve:  David Carver, Registered Agent
              2809 Russellville Road
              Bowling Green, KY, 42101 (via certified mail),

and

MADISON ALEXANDER,
    Serve:  1220 Sadler Ford Road
              Woodburn, KY, 42170 (via certified mail),                       DEFENDANTS.

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF

      Plaintiff, ATRIUM 5 LIMITED ("Atrium"), for its Complaint for Declaratory Judgment and Related Relief against Defendants Lighthouse Trailer Sales and Leasing, LLC, and Madison Alexander, states as follows:

### STATEMENT OF THE CASE

      1.      This action seeks a declaration, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure ("FRCP") 57, for purposes of determining a question of actual controversy between the parties, which is justiciable in nature, as set forth more fully below. Atrium seeks a determination of the parties' rights and obligations under the Contingent Automobile Liability Certificate No. IRPI-CLTL-16-011, to which it subscribed. Specifically, Atrium seeks a judgment declaring Certificate No. IRPI-CLTL-16-011 does not provide coverage to nor is there any obligation to defend or indemnify Defendant Lighthouse Trailer Sales and Leasing, LLC

1435919v.1

("Lighthouse"), with respect to a motor vehicle accident that occurred on or about August 19, 2017, in Warren County, Kentucky (the "Accident"). The Accident is the subject of a civil action brought by Defendant Madison Alexander against Defendant Lighthouse and non-parties SAS Transport, LLC, and Amadou Sissoko in Warren Circuit Court, styled as *Madison Alexander vs. SAS Transport, LLC; Lighthouse Trailer Sales and Leasing, LLC; and Amadou Sissoko*, Civil Action No. 18-CI-00323 (the "State Court Action").

## PARTIES

2.  Atrium is a corporation incorporated under the laws of the United Kingdom, with its principal place of business located in London, England.

3.  Atrium is a capital provider to Lloyd's Syndicate 609, which is an underwriting syndicate properly doing business within the Lloyd's of London insurance marketplace. Atrium provides 25.58% of the capital of Syndicate 609 for the 2016 year of account.

4.  Syndicate 609 is the only Lloyd's Syndicate that subscribed to Certificate No. IRPI-CLTL-16-011 ("the Policy"), which provides $1,000,000 in coverage for any one occurrence. Therefore, in the event it were determined the Policy provides coverage for the underlying claim, Atrium would be required to pay 25.58% of any covered claims under the Policy, which in this instance would be well in excess of $75,000.

5.  By virtue of the provisions in the Policy, and by virtue of independent contracts between the other capital providers for Syndicate 609 and the managing agent responsible for Syndicate 609's affairs, the remaining capital providers of Syndicate 609 agree to be bound by any judgment awarded in favor of, and to fund their respective several shares of any judgment against, Atrium by any court of competent jurisdiction in the United States.

6. Defendant Lighthouse Trailer Sales and Leasing, LLC, the named insured on the Policy is, and was at all times relevant hereto, a limited liability company organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business located at 2809 Russellville Road, Bowling Green, Kentucky 42101. Lighthouse's agent for service of process is David Carter, who may be served with process at 2809 Russellville Road, Bowling Green, Kentucky 42101.

7. Upon information and belief, Defendant Madison Alexander is, and was at all times relevant hereto, a citizen and resident of Woodburn, Warren County, Kentucky, and may be served with process at 1220 Sadler Ford Road, Woodburn, Kentucky 42170.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because it involves citizens of a state (Kentucky) and citizens or subjects of a foreign state (England) and the amount in controversy exceeds $75,000.

9. This action arises from events that occurred within the Western District of Kentucky. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

10. On or about August 19, 2017, Defendant Madison Alexander was allegedly injured when the vehicle in which she was riding as a passenger collided with a 2007 Freightliner Columbia 120 tractor owned by non-party SAS Logistics, LLC ("SAS"), and hauling a trailer owned by Lighthouse and leased by SAS.

11. On or about February 28, 2018, Alexander filed the State Court Action, asserting claims against Lighthouse, SAS, and non-party Amadou Sissoko, an employee of SAS who was

operating the tractor at the time of the collision. (*See* State Court Complaint, attached hereto as Ex. 1).

12. As to Lighthouse, the Complaint in the State Court Action alleges that "Lighthouse had a duty, under statutory, regulatory and common law, to inspect and maintain its vehicles, including the vehicle that Sissoko was operating at the time of this incident and SAS [sic] breached its duty to do so constituting negligence on the part of Lighthouse, which caused Madison Alexander to sustain severe permanent injuries and . . . damages." (Ex. 1, ¶ 16).

13. The State Court Complaint seeks recovery of compensatory and punitive damages against the defendants named therein, including Lighthouse.

14. Atrium is currently defending Lighthouse in the State Court Action under a reservation of rights. (*See* Reservation of Rights Letters, attached hereto as collective Ex. 2).

15. Atrium and Lighthouse contracted for issuance of a Contingent Automobile Liability policy, Certificate No. IRPI-CLTL-16-011 (the "Policy"), with a policy period of September 21, 2016, to September 21, 2017. (*See* Policy Documents, attached hereto as collective Ex. 3).

## POLICY LANGUAGE

16. The Policy provides, in pertinent part:

> **CONTINGENT AUTOMOBILE LIABILITY CERTIFICATE**
> **IN RESPECT OF LEASING COMPANIES**
> . . . .
>
> IN CONSIDERATION OF PAYMENT OF THE PREMIUM, RELIANCE ON THE DECLARATIONS AND THE COMPLETED APPLICATION, THE ANSWERS OF WHICH ARE WARRANTED BY THE INSURED TO BE TRUE AND MADE A PART HEREOF AND SUBJECT TO ALL TERMS AND CONDITIONS HEREIN AND IN THE CERTIFICATE OF INSURANCE, THE UNDERWRITERS AGREE TO PAY ON BEHALF OF THE INSURED DAMAGES RESULTING FROM AUTOMOBILE LIABILITY THAT MAY

ARISE ON A CONTINGENT BASIS AS MORE FULLY DESCRIBED HEREINAFTER.

### INSURING AGREEMENT

As a condition precedent to this insurance applying, it is understood and agreed that the Insured will obtain and keep on file in his office at all times a current and in-force Certificate of Automobile Liability Insurance ("Certificate") for any vehicles leased from the Insured evidencing coverage in the amount not less than $1,000,000 any one occurrence combined single limit. The only exception is that the Insured may obtain the Automobile Liability Insurance information, including company name, policy number, limits and policy period, verbally from the lessee's insurance agent or broker and complete a "CONTINGENT AUTOMOBILE LIABILITY CHECK LIST ("The Form"). This Form shall be kept on file in the Insured's office until replaced with a current and in-force Certificate of Automobile Liability Insurance obtained by the lessee on the leased vehicle. If the Insured fails to have a current in-force Certificate of Automobile Liability Insurance or a Form on file for each automobile leased from the Insured prior to an occurrence, all coverage provided under this Certificate is void.

This Certificate of Insurance only applies to an occurrence sustained by a leased vehicle that the Insured has leased to the lessee. Furthermore, this Certificate only applies to an occurrence sustained by a leased vehicle provided that: (a) the leased vehicle is operated by a duly licensed driver with credentials to drive the type of leased vehicle in the occurrence, (b) the written lease agreement is in full force and effect, and (c) the leased vehicle is hauling that type of cargo in conjunction with the operation of the leased vehicle and consistent with Code of Federal Regulations, 49CFR 390-397. It is understood and agreed that the insurance provided under this Certificate does not apply to or cover Automobile Liability for automobiles owned and operated by the Insured, his agent, his employees or any related company with any type of common ownership to the Insured. It is further understood and agreed that the Insured shall require all lessees to properly maintain, service and fulfill warranty provisions for all leased vehicles which are subject to this insurance.

(Contingent Automobile Liability Certificate in Respect of Leasing Companies, Ex. 3, pp. 1–2).

17. The Policy sets forth two exclusions relevant to the claims asserted in the State Court Action:

> IV. **EXCLUSIONS**. This Insurance does not apply:
> . . . .
>
> 3. to any act, error or omission of the Insured or any of its employees[.]
> . . . .

1435919v.1

12. to any loss sustained where the Automobile Liability Insurance Carrier, as identified by the current Certificate and/or Form on file at the Insured's office, has been placed in rehabilitation and/or liquidation by any state insurance department or governmental entity.

(Contingent Automobile Liability Certificate in Respect of Leasing Companies, <u>Ex. 3</u>, pp. 3, 8).

## COUNT I: THE EXCLUSION OF CLAIMS ARISING FROM ANY ACT, ERROR OR OMISSION OF THE INSURED

18. Atrium incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

19. The Policy bars coverage for claims arising out of "any act, error or omission of the Insured or any of its employees." (Contingent Automobile Liability Certificate in Respect of Leasing Companies, <u>Ex. 3</u>, p. 3).

20. The State Court Action Complaint alleges that "Lighthouse had a duty, under statutory, regulatory and common law, to inspect and maintain its vehicles, including the vehicle that Sissoko was operating at the time of this incident and SAS [sic] breached its duty to do so constituting negligence on the part of Lighthouse, which caused Madison Alexander to sustain severe permanent injuries and . . . damages." (<u>Ex. 1</u>, ¶ 16).

21. On the face of the Complaint, Alexander's claims against Lighthouse arise from Lighthouse's alleged failure to inspect and maintain its vehicles, including the vehicle involved in the subject motor vehicle accident. To wit, Alexander alleges an act, error or omission on the part of Lighthouse and/or its employees.

22. Pursuant to this exclusion, there is no coverage under the Policy for the claims asserted against Lighthouse in the State Court Action. Accordingly, Atrium is not obligated to defend or indemnify Lighthouse in the State Court Action.

## COUNT II: THE EXCLUSION OF CLAIMS WHERE THE AUTOMOBILE LIABILITY INSURANCE CARRIER HAS BEEN PLACED IN REHABILITATION AND/OR LIQUIDATION

23. Atrium incorporates and restates the allegations of Paragraphs 1 through 22 above as if fully set forth herein.

24. The Policy bars coverage for claims relating "to any loss sustained where the Automobile Liability Insurance Carrier, as identified by the current Certificate and/or Form on file at the Insured's office, has been placed in rehabilitation and/or liquidation by any state insurance department or governmental entity." (Contingent Automobile Liability Certificate in Respect of Leasing Companies, Ex. 3, p. 8).

25. Spirit Commercial Auto Risk Retention Group, Inc. ("Spirit"), is, and at all times relevant hereto was, the automobile liability insurer for SAS. (*See* Certificate of Liability Insurance, attached hereto as Ex. 4).

26. The Eighth Judicial District Court of the State of Nevada in Clark County, Nevada, on February 27, 2019, entered a Permanent Injunction and Order Appointing Commissioner as Permanent Receiver of Spirit Commercial Auto Risk Retention Group, Inc. The Order states, in pertinent part, that Spirit "is in a hazardous financial condition in that, based on its present or reasonably anticipated financial condition, it is unlikely to be able to meet obligations to policyholders with respect to known claims and reasonably anticipated claims, or to pay other obligations in the normal course of business and, moreover, is insolvent." (Permanent Injunction and Order Appointing Commissioner as Permanent Receiver of Spirit Commercial Auto Risk Retention Group, Inc., attached hereto as Ex. 5, p. 4).

27. The Nevada court's order appoints the Nevada Commissioner of Insurance as Permanent Receiver "for conservation, rehabilitation or liquidation" of Spirit. (Ex. 5, p. 4).

28. A Notice to Defense Counsel of Spirit Commercial Auto Risk Retention Group, Inc., dated March 5, 2019, advises that "the Permanent Receivership Order authorizes the suspension of payments for insurance defense costs and insurance policy claims, and the Receiver has suspended those payments." (Notice to Defense Counsel of Spirit Commercial Auto Risk Retention Group, Inc., attached hereto as Ex. 6).

29. Because SAS's automobile liability insurance carrier "has been placed in rehabilitation and/or liquidation by [a] state insurance department or governmental entity," the Policy forecloses coverage for the claims asserted against Lighthouse in the State Court Action.

30. Pursuant to this exclusion, there is no coverage under the Policy for the claims asserted against Lighthouse in the State Court Action. Accordingly, Atrium is not obligated to defend or indemnify Lighthouse in the State Court Action.

### COUNT III: PUNITIVE DAMAGES EXCLUSION

31. Atrium incorporates and restates the allegations of Paragraphs 1 through 30 above as if fully set forth herein.

32. The State Court Action Complaint seeks an award of punitive damages against all state-court defendants, including Lighthouse. (Ex. 1, p. 4).

33. The Policy excludes coverage for "[a]ny punitive or exemplary damages imposed against the Insured, including any fines, penalties or awards of a pecuniary nature." (Contingent Automobile Liability Certificate in Respect of Leasing Companies, Ex. 3, p. 8, ).

34. Even if Atrium is otherwise obligated to defend and/or indemnify Lighthouse against certain claims asserted in the State Court Action, Atrium is not obligated to indemnify Lighthouse against or otherwise pay any judgment for punitive damages.

1435919v.1

## REQUEST FOR DECLARATORY RELIEF

35. All conditions precedent to the relief requested by Atrium have been performed or have occurred.

36. There is an actual case and controversy existing between the parties as to whether Atrium is obligated to defend and/or indemnify Lighthouse against the claims asserted in the State Court Action.

37. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and FRCP 57, this Court is vested with the power to declare the rights and liabilities of the parties and to give such other and further relief that may be necessary.

38. This is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

WHEREFORE, Atrium respectfully demands that judgment be entered as follows:

1. Declaring that Atrium is not obligated to defend and/or indemnify Lighthouse for the claims against it in the State Court Action or for any other claims arising from the Accident; and

2. Awarding Atrium any and all other relief to which it may to be entitled.

1435919v.1

Respectfully submitted this
**29th day of January, 2020**,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

<u>/s/ Edward M. O'Brien</u>
James M. Burd
Edward M. O'Brien
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: (502) 238-8500
Facsimile: (502) 238-7995
james.burd@wilsonelser.com
edward.obrien@wilsonelser.com
*Counsel for Plaintiff*

1435919v.1